■ In the Matter of SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT et al., Appellants, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. (Proceeding No. 1.) In the Matter of NORTH SHORE PUBLIC LIBRARY DISTRICT, Appellant, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. (Proceeding No. 2.) [724 NYS2d 525] —Rose, J. Appeals from two judgments of the Supreme Court (Connor, J.), entered March 21, 2000 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent establishing transition assessments pursuant to RPTL 545.

These CPLR article 78 proceedings arise out of the effects on real property taxation caused by the February 29, 1992 transfer of the Shoreham Nuclear Power Plant (hereinafter Shoreham) from the Long Island Lighting Company (hereinafter LILCO) to the Long Island Power Authority (hereinafter LIPA). The background of the present proceedings is described in *Matter of Town of Brookhaven v New York State Bd. of Equalization & Assessment* (88 NY2d 354) and other prior litigation (*see, Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist.*, 88 NY2d 503; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven*, 246 AD2d 156, *lv denied* 92 NY2d 819).

In *Matter of Town of Brookhaven v New York State Bd. of Equalization & Assessment* (*supra*), the Court of Appeals held that, pursuant to RPTL 545, taxing jurisdictions such as petitioners may seek transition assessments, decreased by any payments in lieu of taxes (hereinafter PILOTs), when taxable property such as Shoreham becomes tax exempt as a result of acquisition by LIPA. However, the matter was "remitted to Supreme Court, with directions to remand to the State Board of Equalization and Assessment [hereinafter SBEA] for further proceedings in accordance with [the] opinion including a determination of what effect, if any, judicial reductions in the assessed valuation of Shoreham will have on entitlement to transition assessments and the amounts thereof" (*id.*, at 362). Thereafter, in the consolidated tax assessment review proceedings pursuant to RPTL article 7, Supreme Court (Stark, J.) reduced Shoreham's assessed value from $156,579,980 to $452,745 for the 1991 assessment roll, a determination that was ultimately affirmed on appeal (*Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, supra*). Taking this reduction into account, respondent, formerly the SBEA, issued a certificate of transition assessments calculating the value of the portion of Shoreham acquired by LIPA at $451,160, certifying transition assessments for the 1992 assessment roll in the

amount of $45,120, and determining that there would be no transition assessments in subsequent years.*

Petitioners then commenced these proceedings seeking judgments annulling respondent's certificate of transition assessments as arbitrary and capricious, and directing respondent to recompute those assessments. Respondent moved for dismissal on the ground that the petitions failed to state a cause of action. Supreme Court dismissed the petitions, concluding that respondent properly determined the transition assessments to reflect the judicially reduced assessed value for the 1991/1992 tax year. Petitioners now appeal.

Petitioners argue that respondent improperly calculated the transition assessments and negated the intent of RPTL 545 by adopting the judicially reduced assessment which considered the State's actions leading to the acquisition of Shoreham. They contend that the intent of the statute requires that they be held harmless from any such preacquisition decrease in value. However, the statute itself is focused only on protecting the taxing jurisdiction against the loss of taxable assessed valuation, which occurs when real property becomes tax exempt as a result of State acquisition (see, RPTL 545 [1]). Here, the consolidated proceedings determined that Shoreham, as a power plant, had no value during the last four tax years under review (*Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven*, 246 AD2d 156, 161, *supra*). This preacquisition loss of petitioners' assessed valuation was the product of Shoreham's economic obsolescence attributable to widespread public and governmental opposition over an extended period of time, rather than its exempt status upon acquisition by the State in 1992. Since only the latter will trigger transition aid pursuant to RPTL 545, and a valuation of Shoreham that did not take into account its obsolescence "would result in an unfair and illegal overvaluation" (*id.*, at 163), we conclude that respondent properly based the transition assessments on the judicially determined value of Shoreham for the tax year prior to acquisition (see, RPTL 545 [1]).

Further, PILOTs and transition assessments are related forms of "State aid intended to provide a cushion against the loss of tax revenues due to State takeover of property" (*Matter of Town of Brookhaven v New York State Bd. of Equalization & Assessment*, 88 NY2d 354, 361, *supra*), and PILOTs are to be calculated "subject to any adjustment in the assessed value of

---

* These figures are based on respondent's determination that the portion of Shoreham acquired by LIPA represents 99.65% of its total value and its subtraction of LIPA's PILOTs.

[Shoreham] occurring as a result of various tax certiorari proceedings" (*Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist.*, 195 AD2d 140, 147, *mod on other grounds* 88 NY2d 503). Given the interaction and common goal of PILOTs and transition assessments, it would be illogical to calculate PILOTs based on the judicially determined value of $452,745 (*see, id.*) while, as petitioners urge, basing the transition assessments on some other valuation.

We have considered petitioners' remaining contentions and find them to be unavailing. Accordingly, we find nothing in respondent's certificate of transition assessments to be at odds with the directions of the Court of Appeals or the purposes of RPTL 545, and no error in Supreme Court's dismissal of the proceedings here.

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.